UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-167-GWU

EDDIE R. SEXTON,					PLAINTIFF,

VS.			**MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,			DEFENDANT.

## INTRODUCTION

Eddie Sexton originally brought Sexton v. Barnhart, Pikeville Civil Action No. 05-247-KKC (E.D. Ky. July 24, 2006) to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Honorable Karen K. Caldwell's adoption of the Magistrate Report and Recommendation of July 24, 2006, the case is before the undersigned on cross-motions for summary judgment, having been combined with a subsequently filed DIB application.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

1

07-167  Eddie R. Sexton

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

07-167  Eddie R. Sexton

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

07-167  Eddie R. Sexton

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

4

07-167  Eddie R. Sexton

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

5

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

07-167  Eddie R. Sexton

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sexton, a 48-year-old former truck driver and home healthcare supplies deliveryman with a high school education, suffered from impairments related to hypertension, coronary artery disease, being status post myocardial infarction in 2001, non-insulin dependent diabetes mellitus, tobacco abuse, being status post right humeral head fracture with humeral head prosthesis, alcohol abuse in remission by history, depression, a generalized anxiety disorder, mild obesity, and gastroesophageal reflux disease.

07-167  Eddie R. Sexton

(Tr. 480, 485). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 483, 485). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 485-486). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 486).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record still does not support an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Jackie Rogers included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds and balance; (2) an inability to work with the hands above the head; (3) an inability to more than occasionally reach, push or pull with the upper extremities; (4) an inability to work around heights or be exposed to industrial hazards; (5) an inability to perform aerobic activities such as jumping, running or work on fast-paced assembly lines; (6) a need to avoid exposure to concentrated dust, gases, fumes,

temperature extremes or excess humidity; (7) a limitation to entry level work with simple, repetitive procedures with no frequent changes in work routines; (8) a need to avoid detailed or complex problem solving or independent planning; and (9) a need to avoid the general public. (Tr. 770-771). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 771-772). The ALJ relied upon this testimony to support his finding that Sexton could perform other work.

    Sexton asserts that the ALJ erred in evaluating his mental condition. The plaintiff notes that the medical reviewers identified mental restrictions which were omitted from the hypothetical question. Psychologists Edward Ross (Tr. 305-306) and Ilze Sillers (Tr. 324-325) each reported a "moderate" restriction concerning performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances which was not presented to the ALJ and Psychologist Lea Perritt (Tr. 619-620), who saw the record after the remand, also noted a "moderate" limitation of ability to respond appropriately to changes in the work setting.[1] The ALJ failed to address these opinions in his denial decision. (Tr. 477-487). The claimant asserts that this failure was reversible error because the administrative regulations provide that "unless the treating source's opinion is given

---

[1] Each of the reviewers also noted a "moderate" limitation of ability to interact appropriately with the general public which was included in the hypothetical question.

07-167 Eddie R. Sexton

controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a state agency medical or psychological consultant...." 20 C.F.R. § 404.1527(f)(2)(ii). Since a treating physician was not given controlling weight, the claimant argues that the ALJ had to address these opinions.

The defendant concedes the error but argues that it was harmless because the administrative decision was supported by the opinion of examining sources. The administrative regulations also provide that "generally, we give more weight to the opinion of a source who has examined you than to a source who has not examined you. 20 C.F.R. § 404.1527(d)(1). The defendant asserts that the ALJ did discuss the opinions of Dr. Arthur Amador, Sexton's treating psychiatrist, as well as that of Dr. Kevin Eggerman, an examining consultant. (Tr. 480-481). Since the opinions of these treating and examining sources support the administrative decision, the Commissioner asserts that any error in not addressing the opinions of the non-examiners would be harmless.

The problem with the defendant's argument concerns the fact that the ALJ's findings with regard to Sexton's mental condition were also not consistent with the opinions of the examining sources. Dr. Amador did not address the issue of mental restrictions. (Tr. 364-379, 587-603). Dr. Eggerman reported that the plaintiff would have a "fair" ability to relate to co-workers and supervisors as well as persist on

tasks and tolerate work-related stress. (Tr. 277). The mental factors of the hypothetical question did not include these limitations. Therefore, the question did not fairly depict the claimant's mental status and a remand of the action for further consideration is required.

Sexton also asserts that the ALJ erred in evaluating his problems with obesity and right knee pain. The plaintiff has cited no specific physical restrictions relating to these conditions which were not presented to the vocational expert. The physical factors of the hypothetical question were essentially consistent with the findings of Dr. Rita Ratliff (Tr. 268), Dr. Carlos Hernandez (Tr. 280-290), Dr. James Ramsey (Tr. 330-338), Dr. Mark Burns (Tr. 606), and Dr. John Rawlings (Tr. 726-734). The only physician of record to report the existence of more severe physical limitations was Dr. Allen Dawson, a non-examining medical reviewer who restricted the claimant to a limited range of sedentary level work. (Tr. 610-618). Dr. Dawson's opinion was outweighed and offset by the aforementioned sources. Under these circumstances, the court finds no error on this point.

This action was previously remanded to the Commissioner by the Honorable Karen K. Caldwell because the ALJ failed to properly evaluate Sexton's pain complaints. Sexton v. Barnhart, London Civil Action No. 05-247-KKC (E.D. Ky. July 24, 2006). Upon remand of the action, this problem was cured. The ALJ discussed the plaintiff's testimony and noted a number of reasons why these complaints were

07-167  Eddie R. Sexton

not well supported. (Tr. 484-485). The ALJ cited the claimant's demeanor at the hearing as not being indicative of a totally disabled person. (Tr. 484). The ALJ also noted the lack of objective findings relating to his physical condition indicated by Dr. Burns and Dr. Ratliff upon physical examination of Sexton. (Id.). Despite his complaints of right knee pain, an x-ray revealed only minimal degenerative changes. (Tr. 485). The ALJ also cited the plaintiff's continued cigarette smoking habit in the face of medical advice to quit as a reason to discount his credibility. (Id.). These reasons are sufficient to meet the ALJ's burden with regard to this issue.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of Sexton's mental problems. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of June, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**